```
                                          Pages 1 - 10

            UNITED STATES DISTRICT COURT

          NORTHERN DISTRICT OF CALIFORNIA

       BEFORE THE HONORABLE VINCE CHHABRIA, JUDGE

SIMON AND SIMON, PC, d/b/a CITY     )
SMILES and VIP DENTAL SPAS,         )
individually and on behalf of       )
others similarly situated,          )
                                    )
            Plaintiffs,              )
  VS.                               ) NO. 20-cv-03754-VC
                                    )
ALIGN TECHNOLOGY, INC.,             )
                                    )
            Defendant.              )
_____)

MISTY SNOW, individually and on     )
behalf of others similarly          )
situated,                           )
            Plaintiff,              )
                                    )
  VS.                               ) NO. 21-cv-03269-VC
                                    )
ALIGN TECHNOLOGY, INC.,             ) San Francisco, California
                                    ) Wednesday,
            Defendant.              ) January 19, 2022
_____)
```

**TRANSCRIPT OF PROCEEDINGS**

**FROM THE OFFICIAL ELECTRONIC SOUND RECORDING**

**1:08 P.M. to 1:17 P.M.**

**APPEARANCES**:

For Plaintiff Simon and Simon:
          RADICE LAW FIRM, P.C.
          475 Wall Street
          Princeton, New Jersey  08540
      **BY:  JOHN RADICE, ESQ.**

Transcribed By:  **BELLE BALL, CSR 8785, CRR, RDR**
          Official Reporter, U.S. District Court.

(Appearances continued, next page)

**APPEARANCES, CONTINUED**:

For Plaintiff Simon and Simon:
        BERGER MONTAGUE PC
        2001 Pennsylvania Avenue, N.W.
        Suite 300
        Washington, D.C.  20006
    **BY:  DANIEL J. WALKER, ESQ.**

For Plaintiff VIP Dental Spa:
        MOGINRUBIN LLP
        600 West Broadway
        Suite 3300
        San Diego, California  92101
    **BY:  TIMOTHY Z. LaCOMB, ESQ.**

For Plaintiff Snow:
        HAGENS, BERMAN, SOBOL, SHAPIRO LLP
        1301 Second Avenue
        Suite 2000
        Seattle, Washington  98101
    **BY:  STEVE W. BERMAN, ESQ.**

        HAGENS, BERMAN, SOBOL, SHAPIRO LLP
        715 Hearst Avenue
        Suite 202
        Berkeley, California 94710
    **BY:  RIO S. PIERCE, ESQ.**

For Defendant:
        PAUL HASTINGS LLP
        1999 Avenue of the Stars
        Suite 2700
        Los Angeles, California  90067
    **BY:  STEVEN A. MARENBERG, ESQ.**
        **JAMES PEARL, ESQ.**

        PAUL HASTINGS LLP
        71 South Wacker Drive
        45th Floor
        Chicago, Illinois  60606
    **BY:  ADAM M. REICH, ESQ.**

        PAUL HASTINGS LLP
        2050 M Street, N.W.
        Washington, D.C.  20036
    **BY:  NOAH PINEGAR, ESQ.**

```
 1    Wednesday - January 19, 2022                          1:08 p.m.
 2                         P R O C E E D I N G S
 3            THE COURTROOM DEPUTY:  Calling Case No. 20-CV-3754,
 4    Simon and Simon PC versus Align Technology, Inc., and
 5    21-CV-3269, Snow versus Align Technology, Inc.
 6        Counsel for Simon and Simon, please state your appearances
 7    for the record.
 8            MR. WALKER:  My name is Dan Walker from Berger
 9    Montague on behalf of the plaintiffs in Simon and Simon.
10            THE COURT:  All right.
11            MR. RADICE:  John Radice, Radice Law Firm, also on
12    behalf of plaintiffs Simon and Simon.
13            THE COURT:  Hello.
14            THE COURTROOM DEPUTY:  Okay.  And for plaintiff Snow?
15            MR. BERMAN:  Good afternoon, Your Honor.  Steve
16    Berman, Hagens Berman, for Snow.
17            THE COURT:  Hi.
18            MR. PIERCE:  Good afternoon, Your Honor.  Rio Pierce
19    from Hagens Berman on behalf of the Snow plaintiffs.
20            THE COURTROOM DEPUTY:  And for Align Technology?
21            MR. PINEGAR:  Noah Pinegar, Paul Hastings, on behalf
22    of defendant Align Technology.  I'm expecting a colleague or
23    two momentarily, Your Honor, but they have been delayed.
24            THE COURTROOM DEPUTY:  There is one of them coming in
25    right now, Steven Marenberg.
```

1    **MR. LaCOMB:**  Good afternoon, Your Honor, this is Tim
2  LaComb for plaintiffs VIP Dental Spas.
3    **THE COURT:**  All right, hi.
4    **THE COURTROOM DEPUTY:**  Mr. Marenberg, please make
5  your appearance.
6    **MR. MARENBERG:**  Good afternoon, Your Honor.  Steve
7  Marenberg from Paul Hastings on behalf of Align Technology, on
8  both cases.
9    **THE COURT:**  All right.  Okay.  So, let's see.  I
10 think we  we need to figure out what to do.  The -- let me
11 just say first of all, on the motion to dismiss for -- for the
12 Snow case, the case is going to go forward.  I just need to --
13 I'm just working, still working out -- working through a
14 couple of things.
15    So, you know, I hope -- has everybody been operating on
16 the assumption that the case is going forward, and have you
17 started discovery?  What's the situation in Snow?
18    **MR. PIERCE:**  Your Honor, Rio Pierce.  We have started
19 discovery.  We've served document requests on Align.  We've
20 served document requests on a number of third parties.  We
21 started negotiations with third parties.
22    Certain of those third parties have expressed an interest
23 in Your Honor's order.  We are, you know, attempting to
24 elucidate to them that at least for certain of the sort of
25 pass-through-related subpoenas, we anticipate that it will not

1  affect their discovery obligations.  We have not --
2           **THE COURT:**  I'm sorry about the delay.
3           **MR. PIERCE:**  No.
4           **THE COURT:**  (Inaudible)
5           **MR. PIERCE:**  And obviously we have not subpoenaed
6  Smile Direct Club yet because, depending on Your Honor's
7  order, we didn't think it would make sense to subpoena them
8  when they may not be in the case, or -- or quite integral, so
9  that is not a subpoena we've issued yet.  So we've been making
10 progress.  But of course, some things will adjust, depending
11 on the contours of Your Honor's order.
12          **THE COURT:**  Okay.  And in light of that, where are we
13 on the schedule?  Do we need to make any -- are there any
14 adjustments that need to be made?
15    What do you all propose?
16          **MR. PIERCE:**  Well, Your Honor, we did have an
17 unfortunate situation, in our case management -- in our 26(f)
18 report we had agreed with Align that they would
19 contemporaneously to produce us what they produced in the
20 Simon and Simon action, which is something that's very common
21 in these cases when there are multiple plaintiffs.
22    They have not done that several times in a row, which is
23 concerning to us.  For instance, they made a production in late
24 December to the Simon and Simon plaintiffs that we only learned
25 about when we reviewed the case-management statement in Simon

1  and Simon that was submitted.  And once we raised the issue
2  with them, they said there was some sort of technical
3  difficulty that had caused them to delay a month in producing
4  the materials to us.  We don't understand what technical
5  difficulty that was and it delayed our ability to effectively
6  litigate the case.  So that's one issue that we want to get
7  sorted out.
8       Apart from that I would say, assuming Align does start
9  complying with the agreement that we have reached with them, we
10 think it would probably make sense to revisit the schedule once
11 we have Your Honor's order and know the full contours of the
12 case, what the schedule should look like, at least for our
13 action.
14          **THE COURT:**  Okay.  And --
15          **MR. MARENBERG:**  Your Honor, may I respond to that
16 just briefly?
17          **THE COURT:**  Sure.
18          **MR. MARENBERG:**  One, we have, as of today, produced
19 to them everything they've gotten in Simon and Simon.
20          **THE COURT:**  Okay, good.
21          **MR. MARENBERG:**  And two, we paused for a second, and
22 I'll tell you two reasons why we did.  One was --
23          **THE COURT:**  Not really sure I care.
24          **MR. MARENBERG:**  Okay.  I don't, frankly, want to do
25 tit for tat here on who did what to whom.  And therefore, if

1   you don't care, I'm going to let it go.

2        **THE COURT:** Okay.  So did we decide that these cases
3   should go on the same track in terms of discovery deadlines
4   and, you know, summary judgment, and last day to amend
5   pleadings, and all that stuff?

6        **MR. MARENBERG:** Right now, the schedules are in
7   parallel on those matters.  Whether they're -- at least,
8   through the pretrial process.

9        **THE COURT:** But are we in a situation now where it
10  might be possible to complete discovery in Simon and Simon but
11  not in Snow because -- because, you know, we haven't finally
12  settled the pleadings in Snow yet?

13       **MR. MARENBERG:** So as far as we're concerned -- and
14  this is why we've produced, even though the pleadings argument
15  settled in Snow, all of the documents to the Snow plaintiffs
16  that the Simon and Simon plaintiffs have gotten.

17     If the contours of the Snow case do not include the
18  Section 1 case where the alleged is that purchasers of SDC
19  aligners have been hurt, then we are in a position to do this,
20  to continue parallel discovery in both cases on the same
21  deadlines.

22     Now, it may be that the deadlines may need to be moved.
23  And there's some wiggle room in our schedule.

24       **THE COURT:** But if the Smile Direct stuff is part of
25  the case that might mean that things need to be moved, the

1  dates need to be moved in the Snow case, at that point would
2  it make sense to move the dates for everybody so that both
3  cases stay on the same track?
4         **MR. MARENBERG:** I still think there is going to be a
5  substantial overlap in depositions.  And in fact, if there's
6  discovery in the Smile Direct aspects of the case, I think
7  that is relatively discrete, and -- you know, from the -- I'll
8  call it the core Section 2 monopolization allegations that may
9  exist in both cases.
10     So I think it does make sense to keep the schedules as is,
11  right now, until we get that settled, and continue to
12  coordinate.  And it may be, depending on how much discovery
13  there is on the SDC-related matters, that we don't need to
14  change the schedule at all.  That's something we'll know
15  further down the road.
16     But we should certainly coordinate discovery on the core
17  Section monopolization claims, which are virtually identical.
18         **THE COURT:** Okay.  Well, diving back into the Smile
19  Direct issue is, you know, pretty much at the top of my list.
20  It will take me a little while to dive back into it, I'll have
21  to refresh my recollection.  But it shouldn't be long before
22  you get a ruling.
23     And then I'd be perfectly hope to have another CMC with
24  everybody.  And I could just set it.  You know, I'll issue my
25  ruling and set the CMC for, like, two weeks thereafter,

1  something like that.
2       Is that okay?
3            **MR. MARENBERG:**  That's fine, Your Honor.  On the
4  schedule that we have now, we have quarterly CMCs set, in any
5  event.  But it might be worth -- so we can either wait for the
6  next quarterly CMC, or we can do it the way you suggested.
7  Either one would be fine.
8            **THE COURT:**  I suppose if I issue an order, and the
9  Smile Direct part of the case is still in, then you can begin
10 your discovery on that and we can talk about scheduling at the
11 next CMC.  Talk, talk about whether the -- whether the
12 schedule needs to be adjusted or whatever at the next CMC.
13      I mean, does that make sense?  I'm fine to do it that way
14 if that makes sense to you all.
15           **MR. MARENBERG:**  I think that makes more sense,
16 because we'll have -- we'll have had time, a little more time
17 to digest your order, figure out where we are, if in fact
18 SDC-related discovery goes forward.  And, be in a better
19 position to make a better judgment as to whether we need to
20 extend the schedule in one of the cases or not.
21           **THE COURT:**  Sound good to me.  Is that okay with
22 everybody?
23           **MR. PIERCE:**  I think, depending on the timing of
24 Your Honor's order, that makes sense.  I agree.  Some sort of
25 CMC relatively soon after Your Honor's order makes sense.  But

```
 1    if we don't have to schedule an extra one, that would
 2    obviously be the most efficient course.
 3              THE COURT:  Okay, well, we'll see where we are.  I'll
 4    see where I am when I'm done with the ruling, and I'll let you
 5    know.
 6         Is there anything else that we can do for you right now?
 7              MR. MARENBERG:  As far as Align is concerned, no.
 8              THE COURT:  Okay.  Great.  Thanks very much.
 9              MR. PIERCE:  Thank you, Your Honor.
10              MR. LaCOMB:  Thank you, Your Honor.
11         (Proceedings concluded)
```

## CERTIFICATE OF TRANSCRIBER

I, BELLE BALL, CSR 8785, CRR, RDR, hereby certify that the foregoing is a correct transcript, transcribed to the best of my ability from the official electronic sound recording of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.

_/s/ Belle Ball_

Belle Ball, CSR 8785, CRR, RDR

Wednesday, January 19, 2022