**BERGER MONTAGUE PC**
Eric L. Cramer (*pro hac vice*)
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-4604
Fax: (215) 875-4604
Email: ecramer@bm.net

**RADICE LAW FIRM, P.C.**
John Radice (*pro hac vice*)
475 Wall Street
Princeton, NJ 08540
Telephone: (646) 245-8502
Fax: (609) 385-0745
Email: jradice@radicelawfirm.com

Interim Co-Lead Counsel for Plaintiffs
and the Proposed Class in *Simon and Simon, PC d/b/a City Smiles and VIP Dental Spas v. Align Tech., Inc.*

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Steve W. Berman (*pro hac vice)*
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: tedw@hbsslaw.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Rio S. Pierce (SBN 298297)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: riop@hbsslaw.com

Interim Lead Counsel for Plaintiffs
and the Proposed Class in *Snow, et al. v. Align Tech., Inc.*

Additional Counsel on Signature Page

**PAUL HASTINGS LLP**
Steven A. Marenberg (SBN. 101033)
James Pearl (SBN. 198481)
1999 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067
Telephone: (310) 553-6700
Fax: (310) 620-5899
Email:  stevenmarenberg@paulhastings.com
             jamespearl@paulhastings.com

*Attorneys for Defendant Align Technology, Inc.*

Additional Counsel on Signature Page

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SIMON AND SIMON, PC d/b/a CITY SMILES and VIP DENTAL SPAS, individually and on behalf of all others similarly situated,<br><br>         *Plaintiffs*<br><br>v.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>         *Defendant.* | Case No. 3:20-CV-03754-VC |
| MISTY SNOW et al., individually and on behalf of others similarly situated,<br><br>         *Plaintiffs*,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>         *Defendant*. | Case No. 3:21-CV-03269-VC |

**JOINT CASE MANAGEMENT STATEMENT**

Simon and Simon, PC d/b/a City Smiles ("Simon and Simon"), VIP Dental Spas ("VIP"), and Misty Snow (collectively, solely for purposes of this Case Management Conference Statement, "Plaintiffs"[1]) and Align Technology, Inc. ("Align" or "Defendant") (Plaintiffs and Align are collectively "the Parties") jointly submit this Joint Case Management Statement pursuant to the Court's order on May 5, 2022 (ECF No. 128). On May 19, 2021, the Court referred all discovery disputes in

---

[1] Simon and Simon and VIP are collectively referred to as the "*Simon & Simon* Plaintiffs" or the "Direct Purchaser Plaintiffs", while Misty Snow and the other individual named plaintiffs in Case No. 3:21-CV-03269-VC are collectively referred to as the "Indirect Purchaser Plaintiffs" or the "*Snow* Plaintiffs."

Case No. 3:20-CV-03754 to Magistrate Judge Hixson.[2]

1. **PENDING MOTION ON SCHEDULE EXTENSION**

On June 13, 2022, the Parties jointly filed a motion to extend the close of fact discovery to January 31, 2023. The Parties agree that extending fact discovery and all subsequent deadlines by approximately four-and-a-half months is mutually beneficial for the Parties and in the interest of justice due to joint ADR efforts and outstanding and anticipated discovery. This motion is pending before the Court.

2. **PENDING MOTION TO JOIN SMILEDIRECTCLUB TO *SNOW* CASE**

On June 15, 2022, Align moved the Court to join SmileDirectClub as a co-defendant in the *Snow v. Align Technology* case. Align provided notice regarding its motion to Snow's counsel during a meet-and-confer on June 9, 2022. The *Snow* Plaintiffs are evaluating Align's motion.

3. **DOCUMENT DISCOVERY IN *SIMON AND SIMON*[3]**

With respect to the *Simon and Simon* case, Plaintiffs and Align met the initial deadline of February 13, 2022, for substantial completion of document production in response to requests for production of documents ("RFPs"). Align produced 185,775 documents and the *Simon and Simon* Plaintiffs produced 3,555 documents. On May 13 and May 20, 2022, Align made additional productions of 2 documents and 61,018 documents, respectively. In addition, Align caused 323,961 3Shape documents to be produced in response to RFPs directed at Align. Plaintiffs have made no additional productions of documents.

The *Simon and Simon* Plaintiffs served a Third Set of RFPs on March 10, 2022, and a Fourth Set of RFPs on May 27, 2022. Align timely served responses and objections to Plaintiffs' Third Set of RFPs on April 11, 2022. Responses and objections to the Fourth Set of RFPs are not due until June 26,

---

[2] The Court specifically made the referral order in the *Simon and Simon* case, but in light of the Related Case Order dated entered on May 21, 2021, and the discussions concerning coordination of discovery that took place at the Initial Case Management Conference in the *Snow* case on August 4, 2021, the parties understand discovery disputes in both cases to be referred to Magistrate Judge Hixon.

[3] The Parties discuss document productions separately for the *Simon and Simon* and *Snow* cases in this Joint Case Management Conference Statement. However, the Parties have been coordinating extensively among the cases with respect to document discovery, including for negotiating and meeting and conferring over disputes regarding search terms and Align's privilege log.

2022. Otherwise, the Parties continue to meet and confer regarding the other outstanding RFPs and are working to resolve any disputes without the need to seek the intervention of the Court. As discussed below, Plaintiffs may raise one dispute, regarding Align's search terms used to respond to Plaintiffs' First Set of RFPs, to Magistrate Judge Hixson shortly.

Align served additional RFPs on the *Simon and Simon* Plaintiffs on January 12, 2022. Align and the *Simon and Simon* Plaintiffs met and conferred regarding these requests and are working to resolve any disputes without the need to seek the intervention of the Court.

Align produced its privilege log to Plaintiffs on May 4, 2022. Align expects that it will have produced a supplemental privilege log to Plaintiffs by the Case Management Conference. The *Simon and Simon* Plaintiffs have represented that they have substantially completed document production and have not withheld any documents that must be logged, and do not expect to produce a privilege log. Plaintiffs anticipate that there may be a dispute over Align's privilege log to be brought before Magistrate Judge Hixson, although the Parties continue to work in good faith to resolve their disagreement without the Court's involvement.

**Plaintiffs' Positions:**

**Search Terms.** As mentioned in the January 12, 2022, Joint Case Management Statement, Align chose to use certain geographic limiters in its search terms, purportedly to ensure that Align's document production would be limited to Align's U.S. operations. Throughout the search term negotiations, Plaintiffs objected to the use of these geographic limiters on the grounds that it would arbitrarily exclude many relevant documents related to U.S. operations without actually limiting the productions to U.S. operations.

Having received and reviewed much of Align's production, Plaintiffs believe their initial concerns were justified, that many relevant documents were excluded by the use of these geographic limiters, and that the search terms should be re-run without the geographic limiters. The Parties have corresponded and met and conferred about this issue, but the Parties have not yet reached a resolution. Plaintiffs believe the dispute is likely to be submitted to Magistrate Judge Hixson in the coming week.

Given that the Court has referred discovery disputes to Magistrate Judge Hixson, Plaintiffs do not believe it is appropriate to explain this dispute in detail here, but Plaintiffs are ready to discuss this dispute at the Case Management Conference should the Court wish to discuss it.

**Align's Privilege Log.** Align served its first privilege log, consisting of 33,079 entries, on May 4, 2022. On May 6, 2022, Plaintiffs sent a letter to Align contending that all of Align's entries are impermissibly vague, thus preventing Plaintiffs from meaningfully challenging Align's assertion of privilege, and that Align's privilege log fails to comply with several other provisions of the Parties' stipulated order regarding discovery of electronically stored information. Align contends that its privilege log entries are adequately described and that its log complies with the requirements set forth in the ESI protocol.

The Parties have met and conferred twice and exchanged substantial written correspondence to resolve their dispute. To date, Plaintiffs have proposed that Align revise only certain categories of entries related to eight core topics. Though Align has rejected Plaintiffs' proposal as overbroad, it has agreed to produce a revised privilege log clarifying a limited number of entries related to interoperability by June 15, 2022. Align has also agreed to produce a key identifying all attorneys listed on its privilege log by June 15, 2022.

The Parties expect to meet and confer further on this topic and will work in good faith to resolve their disagreement without the Court's involvement, although Plaintiffs anticipate some dispute regarding either the privilege log or the documents withheld under claims of privilege will be brought before Magistrate Judge Hixson in the coming weeks.

**Sharing of Documents Among *Snow* and *Simon and Simon* Cases.** Plaintiffs have requested that Align allow Align's document productions to be shared between the *Simon and Simon* and *Snow* cases to make it easier to coordinate discovery between the cases. Align has agreed to allow this sharing with one exception: Align will not agree that to allow sharing of documents that Align intends to produce regarding the *Snow* claims under Section 1 of the Sherman Act.

The *Simon and Simon* Plaintiffs object to this limitation and believe that all documents should be produced in and shared between both cases. In particular, (1) some, if not many, of the documents relating to the *Snow* Section 1 claims are likely to be relevant to the *Simon and Simon* case, (2) if the

documents are completely irrelevant, there is no prejudice to Align to have them produced in the *Simon and Simon* case, (3) producing the documents in both cases will impose no additional expense and burden on Align, and (4) most importantly, having certain documents that can only be seen and used in the *Snow* case will make it very difficult for Plaintiffs' counsel in the two cases to coordinate discovery, including depositions.

If Align wants Plaintiffs' counsel for the two cases to coordinate on discovery, then there should be no limitations on the documents that can be shared between the two cases.

***Simon and Simon* Plaintiff's Productions:** The *Simon and Simon* Plaintiffs disagree that there are any deficiencies in their productions. Appropriate objections, including those regarding downstream discovery, were made in response to a number of requests in the *Simon and Simon* Plaintiffs' responses to Align's First Set of RFPs (responses served on April 15, 2021, and amended on July 23, 2022) and Second Set of RFPs (responses served on February 11, 2022). Downstream discovery is not discoverable in direct purchaser actions alleging an overcharge such as this one. *In re Optical Disk Drive Prods. Antitrust Litig.*, No. 10-md-02143, Docket No. 943 (N.D. Cal. Jul. 19, 2013) (motion for protective order granted where whatever minimal relevance of downstream discovery was substantially outweighed by burden on Direct Purchaser Plaintiffs); *In re Pool Prods. Distrib. Mkt. Antitrust Litig.*, No. 12-md-02328, Docket No. 174 at 13-23 (E.D. La. Nov. 6, 2012) ("[L]ower courts have, for the most part, found downstream information to be non-discoverable, whether for market definition, class certification, damages, or indirect purchaser issues"). The parties have agreed to meet and confer on this issue in an attempt to resolve the dispute without the intervention of the Court.

**Align's Positions:**

**Search terms:** Align believes there is no good cause to rerun its search for electronic documents without geographic limiters. Although Align looks forward to presenting its position to Magistrate Judge Hixson in greater detail if necessary, Align's position is based on facts that include, but are not limited to, the following: (1) Align's original search was comprehensive and adequate. Notably, the search strings used by Align were the product of extensive negotiations over the course of months – first, with 3Shape's counsel (before that case was settled); and then with counsel for the *Simon & Simon* Plaintiffs, who proposed additional search strings which Align agreed to use. To date,

Align has incurred over $1 million in expenses on electronic discovery to search for, review and produce over 250,000 documents (comprising more than 1 million pages).  And this production was on top of Align's production to Plaintiffs of well over one million rows of electronic transactional data to Plaintiffs, which Align is in the process of updating it (as well as responding to questions concerning that data).  Align has also caused 323,961 3Shape documents to be produced.  In the circumstances, the imposition of extensive additional expenses in neither reasonable nor proportional.  It also represents a "thirteenth hour" attempt to renegotiate search strings that were agreed to after arduous negotiations after the fact.  (2) The geographic limiter issue is a "red herring."  Specifically, with respect to the principal allegations of anticompetitive conduct alleged in this case – to wit, the termination of interoperability, bundled discounts and exclusive dealing – Align's electronic searches used search strings that *did not include* geographic limiters.  Nevertheless, Align is continuing to work with Plaintiffs' counsel to determine whether a reasonable and acceptable compromise can be reached.

**Privilege log:**  Align believes its privilege log meets the requirements of the ESI Stipulation and applicable law.  Align's privilege log is comprehensive and provides a basis to identify and challenge assertions of privilege regarding documents relevant to the central issues in this case.  Nevertheless, Align has agreed in response to Plaintiff's letter, to revise its privilege log to include even more detailed descriptions with respect to interoperability issues, the central issue in the case.  Align has also informed class counsel that it will provide a key, listing the individuals that provide the basis for assertions of privilege when it produces its revised log.  Discussions between the parties are ongoing and Align continues to work with class counsel to find a compromise solution that is reflective of fairness and the disproportional burdens on Align resulting from asymmetrical discovery in these cases (*i.e.*, where Align has thousands of privileged documents and plaintiffs (accepting counsel's statements at face value) have *none* at all, thereby creating incentive for plaintiffs to make demands that Align considers to be unreasonable, overly burdensome and disproportionate to the needs of the case.

**Sharing of Documents Between Simon & Simon and Snow Counsel**:  All of the 246,795 Align documents produced in response to the *Simon* Plaintiffs' RFPs have been produced to class counsel in *Snow*.  That is appropriate given the overlap between the Section 2 and state law monopolization claims raised in the two actions.  *However*, as the Court is aware, the Third Amended

Complaint in Snow alleges a Sherman Act Section 1 market allocation conspiracy between Align and Smile Direct Club ("SDC") that is not part of the *Simon & Simon* lawsuit. Align's position is that documents produced in response to the *Snow* Plaintiffs' unique Section 1 claim are irrelevant to the issues in the *Simon and Simon* case; include confidential information that *Simon & Simon* counsel are no more entitled to see than any other third party, including information relating to an entity that is not currently an active litigant in these cases (SDC); and class counsel's position to the contrary is extraordinary and unsupported.[4] Moreover, Plaintiffs' "coordination" concerns do not present a justification for upsetting this conclusion. Most of the document custodians and witnesses relating to the Section 1 claim are different than those relating to the Section 2 claim. In those few instances where witnesses will overlap, any administrative issues that may arise (such as, for example, the use of documents in a deposition of a witness to both the Section 2 and Section 1 claims) the parties can work out practical accommodations at the time.[5]

**Deficiencies in *Simon & Simon* Plaintiffs' Productions**: Align has identified to class counsel for the *Simon & Simon* Plaintiffs many deficiencies in their productions in response to Align's RFPs. These include the fact that the production appears to be woefully incomplete with respect to one of the Plaintiffs (VIP Dental Spas) and that Plaintiffs are excluding documents from production based on objections to so-called "downstream discovery" that are not applicable or well-taken here. Plaintiffs' own complaint alleges that dental practice economics compel dentists to seek the deepest Align discounts, *see* ECF. No. 29 (*Simon*) *inter alia* ¶¶ 59, 62, 64, and 65, placing Plaintiffs' finances at issue for purposes of determining liability. The discovery Align seeks is thus appropriate and Plaintiffs' citations are inapposite. *See, e.g.*, *JBDL Corp. v. Wyeth-Ayert Labs.*, No. C-1-01-704, 2004 WL 7081790, at *4-5 (S.D. Ohio June 7, 2004) (granting purported "downstream discovery" to determine

---

[4] Notably, Align does not dispute that where documents related to the SDC class's Section 1 claim also relate to the Section 2 claims, *Simon and Simon* counsel are entitled to and have been provided access to those documents. The dispute concerns prospective productions unique to the *Snow* Section 1 conspiracy claims.

[5] For example, either the Section 1 questioning of the witnesses can be segregated, or if it cannot be, *Simon* counsel need not be excluded from the deposition providing they agree to maintain confidentiality over the documents and testimony and not use it for any purpose.

liability). The Parties are attempting to resolve the concerns Align has raised and will seek resolution of the dispute before Magistrate Judge Hixson, if necessary.

   4.  **DOCUMENT DISCOVERY IN *SNOW***

Pursuant to the Scheduling Order, ECF No. 41 (*Snow*), the Parties are coordinating discovery to the extent practicable with discovery in *Simon and Simon, PC v. Align Technology*, Inc., No. 3:20-cv-03754-VC (N.D. Cal.). Align has produced 246,797 documents and over 1,000,000 rows of data, comprising 386.75 GB, to the *Snow* Plaintiffs, via productions made on August 24, 2021, October 21, 2021, January 19, 2022, February 13, 2022, May 13, 2022, and May 20, 2022. In addition, Align caused 323,961 3Shape documents to be produced to Snow's counsel. The *Snow* Plaintiffs have produced 331 documents to Align, via productions made on May 5, 2022, May 11, 2022, June 10, and June 15, 2022, on behalf of 12 of the 16 named plaintiffs. The *Snow* Plaintiffs have represented that they are in the process of collecting Plaintiffs' electronically stored information and intend to substantially complete document production promptly.

The *Snow* Plaintiffs served their First Set of Requests for Production of Documents on Align on December 22, 2021. Align served its responses and objections thereto on January 21, 2022. In those responses and objections, Align took the position that (1) with respect to the *Snow* Plaintiffs' Section 2 claims, the *Snow* Plaintiffs' First RFPs were wholly duplicative of the requests propounded by the *Simon and Simon Plaintiffs*, and thus did not require additional document collection or production given the Parties' agreement that "except for good cause shown, Plaintiffs would not seek discovery that is duplicative of discovery already sought in the *Simon and Simon* action," ECF. No. 31 at 10 (*Snow*); and (2) with respect to the *Snow* Plaintiffs' Section 1 claims, Align would not meet and confer regarding Section 1-specific RFPs until the Court ruled on Align's motion to dismiss that Section 1 claim and subsequent motion for interlocutory appeal. Align served Supplemental Responses and Objections to the *Snow* Plaintiffs' First RFPs on May 6, 2022. Align has not yet produced any unique documents in response to the *Snow* Plaintiffs' RFPs.

On June 1, 2022, the *Snow* Plaintiffs sent Align a proposed set of 60 additional search terms for certain allegedly *Snow*-specific RFPs, including the *Snow* Plaintiffs' Section 1 claim, as well as a proposed list of 14 new custodians to be searched in addition to the 14 previously agreed-to custodians.

Align is currently evaluating Plaintiffs' proposal, which it believes is excessive and contrary to the parties' prior agreement to avoid non-duplicative discovery, and has informed the *Snow* Plaintiffs that it intends to respond shortly. Align has also identified that, for SDC-related RFPs, discovery that Align previously produced in arbitrations with SDC may be coextensive with or even broader than *Snow* Plaintiffs' discovery requests and that such productions could be used to satisfy the *Snow* Plaintiffs' RFPs.  Align is compiling and intends to produce additional information about this discovery for Plaintiffs' evaluation. Though Plaintiffs have concerns about this approach, they are willing to consider ways in which the SDC-related arbitration materials may be used to efficiently advance discovery in this litigation. The Parties expect to meet and confer further on this topic in the coming weeks and will work in good faith to resolve any disagreement without the Court's involvement.

On March 23, 2022 and June 7, 2022, Plaintiffs sent Align letters requesting additional Align data and posing questions about the transactional data so far produced. As discussed below, Align expects to supplement its data production in the coming weeks and will respond to Plaintiffs' March 23 data questions as appropriate.

Align served its First Sets of Requests for Production of Documents on Plaintiffs on January 12, 2022 and April 15, 2022[6]. Plaintiffs served their responses and objections on February 11 and May 16, respectively.  Plaintiffs' production in response to those RFPs is ongoing but not yet complete.  Align has concerns over the delays in the *Snow* Plaintiffs' production; some named Plaintiffs have yet to produce a single document – hard copy or electronic – despite the months that have elapsed since Align served its discovery requests.  And, Align has concerns about the scope of the *Snow* Plaintiffs' production that it will continue to discuss with counsel once informed that Plaintiffs' production is substantially complete.  Align has reserved its right in these respects.

5. **OTHER TYPES OF PARTY DISCOVERY**

The *Simon and Simon* Plaintiffs intend to serve interrogatories on Align the week of June 13, 2022.

---

[6] Align's April 15 requests were addressed to the three new class representatives added to Plaintiffs' Third Amended Complaint.

Plaintiffs have collectively noticed service of subpoenas on 27 nonparties[7] and anticipate serving additional nonparty discovery. Align anticipates serving discovery on non-parties.

Plaintiffs in both cases have sent questions to Align regarding Align's transactional data productions, and Plaintiffs have requested updated transactional data to reflect current periods. Align has responded to most of the *Simon and Simon* Plaintiffs' data questions and has stated that it is endeavoring to respond to the *Snow* Plaintiffs' data questions and to provide the updated data production, in the coming weeks.

Finally, Plaintiffs sent a letter to Align on June 10, 2022, requesting that Align state in writing whether it intends to assert a defense dependent upon Align's subjective beliefs regarding its patent rights and the effects of interoperability thereon. Plaintiffs' letter requests this information to determine whether and to what extent Align intends to waive attorney-client privilege over documents relating to that defense. Plaintiffs' position is that, because such an advice of counsel defense has a profound impact on the scope of discovery, Plaintiffs have requested that Align make an election in writing by July 1, 2022.  Align's position is that it has just received this request, but intends to evaluate it, and respond timely and appropriately.

Dated: June 15, 2022

Respectfully submitted,

By:     /s/ Eric L. Cramer
        Eric L. Cramer

Eric L Cramer (*pro hac vice*)
Michael Kane (*pro hac vice*)
Hope E. Brinn (State Bar No. 338508)
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-4604

---

[7] The *Snow* Plaintiffs have served the following third parties: LendingPoint Consolidated, Inc.; Gladwell Orthodontics, P.A.; Heartland Dental, LLC; Orthodontic Management LLC, Pacific Dental Services, LLC; Smile Doctors LLC, Spillers Orthodontics, LLC, SmileDirectClub, Inc., 3Shape, Inc., Delta Dental Plans Association, Dental Care Alliance, LLC, ADG, LLC (dba Great Expressions Dental Centers), DECA Dental Management, LLC, Smile Brands Group Inc., TDR Specialists in Orthodontics, P.C., Gaidge LLC, IQVIA Inc., Aspen Dental Management, Inc., Dental Intelligence, Inc., Planet DDS, Inc., Simply Dental Management, Inc., and Western Dental Services, Inc. The *Simon and Simon* Plaintiffs have served the following third parties: 3M Company, 3Shape, Inc., Benco Dental Supply Co., Dentsply Sirona Inc., Henry Schein, Inc., OrthoFX, LLC, and Patterson Companies, Inc.

Facsimile: (215) 875-5707
ecramer@bm.net
mkane@bm.net
hbrinn@bm.net

Joshua P. Davis (State Bar No. 193254)
**BERGER MONTAGUE PC**
59A Montford Avenue
Mill Valley, CA 94941
Telephone: (415) 215-0962
Facsimile: (215) 875-5707
dwalker@bm.net

Daniel J. Walker (*pro hac vice*)
**BERGER MONTAGUE PC**
2001 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20006
Telephone: (202) 559-9745
Facsimile: (215) 875-5707
dwalker@bm.net

John Radice (*pro hac vice*)
April D. Lambert (*pro hac vice*)
Daniel Rubenstein (*pro hac vice*)
**RADICE LAW FIRM, P.C.**
475 Wall Street
Princeton, New Jersey 08540
Telephone: (646) 245-8502
Facsimile: (609) 385-0745
jradice@radicelawfirm.com
drubenstein@radicelawfirm.com
alambert@radicelawfirm.com

Interim Co-Lead Counsel for Plaintiffs
and the Proposed Class in *Simon and Simon, PC d/b/a City Smiles and VIP Dental Spas v. Align Tech., Inc.*

Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Kevin E. Rayhill (State Bar No. 267496)
Abraham A. Maggard (State Bar No. 339949)
**JOSEPH SAVERI LAW FIRM LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:  (415) 500-6800
Facsimile:   (415) 395-9940
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
krayhill@saverilawfirm.com
amaggard@saverilawfirm.com

Daniel J. Mogin (State Bar No. 95624)
Jennifer M. Oliver (State Bar No. 311196)
Timothy Z. LaComb (State Bar No. 314244)
**MOGINRUBIN LLP**
600 West Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 687-6611
Facsimile: (619) 687-6610
dmogin@moginrubin.com
joliver@moginrubin.com
tlacomb@moginrubin.com

Gary M. Klinger (*pro hac vice* forthcoming)
**MASON LIETZ & KLINGER, LLP**
227 W. Monroe Street, Suite 2100
Chicago, IL 60630
Telephone: (202) 429-2290
Facsimile: (202) 429-2294
gklinger@masonllp.com

David K. Lietz (*pro hac vice* forthcoming)
**MASON LIETZ & KLINGER, LLP**
5101 Wisconsin Ave., NW, Ste. 305
Washington, DC 20016
Telephone: (202) 640-1160
Facsimile: (202) 429-2294
dlietz@masonllp.com

*Counsel for Plaintiffs*
Kevin Landau (*pro hac vice*)
Miles Greaves (*pro hac vice* forthcoming)
**TAUS, CEBULASH & LANDAU, LLP**
80 Maiden Lane, Suite 1204
New York, New York 10038
Telephone: (646) 873-7654
Facsimile: (212) 931-0703
klandau@tcllaw.com
mgreaves@tcllaw.com

Additional Counsel for Plaintiffs in *Simon and Simon, PC d/b/a City Smiles and VIP Dental Spas v. Align Tech., Inc.*


By _____*Steve W. Berman*_____

Steve W. Berman (*pro hac vice*)
Theodore Wojcik (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com
Email: tedw@hbsslaw.com

Rio S. Pierce (State Bar No. 298297)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: ( 510) 725-3001
Email: riop@hbsslaw.com

Interim Lead Counsel for Plaintiffs
and the Proposed Class in *Snow, et al. v. Align Tech., Inc.*

By:       */s/ Steven A. Marenberg*
            Steven A. Marenberg

Steven Arthur Marenberg (SBN. 101033)
James Pearl (SBN. 198481)
**PAUL HASTINGS LLP**
1999 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067
Telephone: (310) 553-6700
Fax: (310) 620-5899
Email:  stevenmarenberg@paulhastings.com
        jamespearl@paulhastings.com

Thomas A. Counts (SBN. 148051)
Abigail Heather Wald (SBN. 309110)
**PAUL HASTINGS LLP**
101 California Street, 48th Floor
San Francisco, CA 94111
Telephone: (415) 856-7000
Fax: (415) 856-7100
Email:  tomcounts@paulhastings.com
        abigailwald@paulhastings.com

Adam M. Reich (SBN. 274235)
Michael C. Whalen (*pro hac vice*)
**PAUL HASTINGS LLP**
71 South Wacker Drive, 45th Floor
Chicago, IL 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100
Email: adamreich@paulhastings.com
        michaelcwhalen@paulhastings.com

Michael F. Murray (*pro hac vice*)
Noah Pinegar (*pro hac vice*)
**PAUL HASTINGS LLP**
2050 M Street, NW
Washington, DC 20036
Telephone: (202) 551-1960
Fax: (202) 551-1705
Email:  noahpinegar@paulhastings.com

*Attorneys for Defendant Align Technology, Inc.*

## FILER'S ATTESTATION

      I, Joseph R. Saveri, am the ECF user whose identification and password are being used to file this Joint Case Management Conference Statement. In compliance with L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this Joint Case Management Conference Statement has been obtained from each of the other signatories.

June 15, 2022     /s/     Joseph R. Saveri