UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON AND SIMON, PC, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>　　　　Defendant. | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL**<br><br>Case No. 20-cv-03754-VC   (TSH)<br><br>Re: Dkt. No. 137 |
| MISTY SNOW, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>　　　　Defendant. | Case No. 21-cv-03269-VC   (TSH)<br><br>Re: Dkt. No. 135 |

Plaintiffs filed a motion to consider whether another party's material should be sealed in connection with the June 27, 2022 joint discovery letter brief. They ask the Court to consider sealing a portion of the joint discovery letter brief and the entirety of Plaintiffs' Exhibits 2, 3, 4 and 5 and Defendant's Exhibit A on the ground that they contain information that Align has designated confidential. Align has filed the declaration of Steven Marenberg in support of the sealing request – or at least most of it. His declaration does not directly refer to Defendant's Exhibit A.

The proposed redactions to the joint discovery letter brief are denied. Given what is already publicly alleged in these actions, the proposed redactions do not satisfy the standard for a motion to seal.

1   The proposal to seal the Exhibits in their entirety runs afoul of Civil Local Rule 79-5(a), which states that a party must "avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)." Plaintiffs' Exhibit 2 is a meet and confer letter that largely discusses non-confidential discovery issues. Because Exhibit 2 contains some of the language proposed to be redacted in the joint discovery letter brief, it may be that this is why sealing is requested. However, the request to seal Exhibit 2 is denied because the Court has determined that this material does not warrant sealing.

The last two pages of Plaintiffs' Exhibit 3 (ALIGNAT-PURCH00525153-54) warrant sealing. The remainder of the Exhibit does not because even if the information contained there were at one point sensitive, it's too stale now. Plaintiffs' Exhibits 4 and 5 also suffer from a staleness problem. Align doesn't seem to think that its Exhibit A warrants sealing, and the Court agrees.

Accordingly, the Courts orders that the last two pages of Plaintiffs' Exhibit 3 are sealed. The balance of the motion is denied. The Court orders Plaintiffs to file in the public record those items as to which the Court has denied the request to seal. Plaintiffs shall do this not sooner than five days and not later than 10 days after the date of this order.

**IT IS SO ORDERED.**

Dated: July 11, 2022

THOMAS S. HIXSON
United States Magistrate Judge