UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON AND SIMON, PC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>Defendant. | Case No. 20-cv-03754-VC (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 170 |

Align moves to compel responses to three requests for production ("RFPs") directed to the named Plaintiffs in this action, Simon and Simon, PC d/b/a City Smiles and VIP Dental SPAs. ECF No. 170. The RFPs seek the following:

> RFP 4: Documents sufficient to show Your profits, losses, expenses, and revenue since 2015, including Documents sufficient to show the sources of Your profits and revenue, and recipients or causes of Your expenses and losses.
>
> RFP 5: Documents sufficient to show and describe Your accounting practices for sales, profit margin, costs or expenses, and revenue.
>
> RFP 6: Documents Identifying Your budgets and forecasts on a quarterly and annual basis since 2015, including all analyses comparing and contrasting to actual results and explanations related to variances between actual versus budgeted/forecast amounts.

Align does not argue that these RFPs seek discovery that is relevant to any claim or defense in this case. Rather, Align contends that these RFPs seek documents that are relevant to allegations in paragraphs 59, 62, 64 and 65 in the operative Complaint. Align also says that this discovery is relevant to whether the named Plaintiffs are typical of the proposed class.

As to typicality, Align does not explain how the requested financial information would demonstrate that the named Plaintiffs are or are not typical of the proposed class. The RFPs are not directed to subjects associated with typicality, such as whether the Plaintiffs purchased the products at issue, or whether they paid any alleged overcharge. The Court supposes that this information might be contained within some of the requested documents. But Align is also asking for overall financial information, and the Court does not see why it matters for typicality how profitable the Plaintiffs' dental practices have been, how much they pay in rent and salary and so on, or how good their budget forecasting is. This discovery is not proportional to the needs of the case.

As for Align's contention that the requested documents are relevant to allegations in four paragraphs of the Complaint, that argument does not have any merit because discovery must be relevant to a claim or defense. Fed. R. Civ. Proc. 26(b)(1). And Align does not explain what claim or defense the requested financial information is relevant to.

Further, even if discovery were allowed into allegations, rather than claims or defenses, the Court is skeptical that this discovery would show anything meaningful. Let's look at the paragraphs in the Complaint that Align cites. Paragraph 59 alleges: "A Dental Practice that incurred these penalties would be at a substantial disadvantage to other Dental Practices that avoided these penalties. Given Align's dominant position in the market for Aligners, Dental Practices who wanted to offer Aligner treatment could not forego Invisalign orders entirely." Paragraph 62 alleges: "The structure of the Advantage Program is such that Dental Practices must maintain a very high prescribing level of Invisalign in order to keep the prices that would allow their practice to offer competitive prices to patients." Paragraph 64 alleges: "One practical effect of the Advantage Program is that for Dental Practices to obtain the pricing for Invisalign necessary to offer Invisalign at competitive rates, those Dental Practices would, for all practical purposes, need to purchase a Scanner." And paragraph 65 alleges: "Another practical effect of the Advantage Program is that Dental Practices would have a strong incentive to forego competing Aligners at least until it was clear that the practice had achieved the minimum number of Invisalign orders necessary to maintain its prices."

These are broad allegations about the effects of the alleged conduct on "*[t]ens of thousands of Dental Practices [that] have purchased Invisalign Aligners and iTero Scanners directly from Defendant during the Class Period.*" Am. Compl., ¶ 88 (emphasis added). These allegations cannot be proven true or false by looking at the finances of *two* dental practices. These allegations can only be proven or disproven with industry-wide data. A deep dive into the finances of the dental practices that happen to be the named Plaintiffs in this case is too random to yield useful information. Further, all four paragraphs that Align cites concern allegations about actions that dental practices allegedly need to take to remain competitive against each other, and the Court simply does not see how the finances of these two dental practices would shed any light on the subject. And even if there is some slight relevance to these RFPs, the discovery is not proportional to the needs of the case.

Align's motion to compel is denied.

**IT IS SO ORDERED.**

Dated: November 18, 2022

THOMAS S. HIXSON
United States Magistrate Judge