UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SIMON AND SIMON, PC, et al.,

Plaintiffs,

v.

ALIGN TECHNOLOGY, INC.,

Defendant.

Case No. 20-cv-03754-VC   (TSH)

**DISCOVERY ORDER**

Re: Dkt. No. 184

The parties have filed a joint discovery letter brief at ECF No. 184 in which Plaintiffs challenge Align's claim of privilege concerning 16 documents and raise broader questions about Align's privilege log generally. As to the 16 documents:

1. ALIGNPURCHPRIV00001865. Align has withdrawn the claim of privilege. At the hearing the parties can discuss Align's claim that this document is not responsive.

2. ALIGNPURCHPRIV00002619. The Court sustains Align's privilege claim over the redacted material.

3. ALIGNPURCHPRIV00003172. The Court sustains Align's claim of privilege.

4. ALIGNPURCHPRIV00004559. Align does not discuss this document. Align does discuss -4599, but this appears to be more than just a typo because Align says that -4599 is a draft contract, but -4559 is a 26-page email thread and not a draft contract. The Court orders Align to file a brief statement concerning why this document is privileged by November 29, 2022 at 3:00 p.m.

5. ALIGNPURCHPRIV00005265. The Court sustains Align's claim of privilege.

6. ALIGNPURCHPRIV00005332. The Court sustains Align's claim of privilege.

7. ALIGNPURCHPRIV00005440. The Court sustains Align's claim of privilege.

8. ALIGNPURCHPRIV00005478.  The Court sustains Align's claim of privilege. Although the issue is close, the Court finds that the inclusion of Align's outside consultant, Shannon Henderson from the consulting firm Ethos Communications, does not destroy the privilege because she was the functional equivalent of a corporate employee.  *See United States v. Graf*, 610 F.3d 1148, 1158-59 (9th Cir. 2010) (recognizing the functional equivalence doctrine under Ninth Circuit law); *e.g.*, *In re Copper Market Antitrust Litig.*, 200 F.R.D. 213, 219 (S.D.N.Y. 2001) ("RLM was, essentially, incorporated into Sumitomo's staff to perform a corporate function that was necessary in the context of the government investigation, actual and anticipated private litigation, and heavy press scrutiny obtaining at the time.  Sumitomo retained RLM to deal with public relations problems following the exposure of the copper trading scandal. . . . RLM's public relations duties included preparing statements for public release and internal documents designed to inform Sumitomo employees about what could and could not be said about the scandal.").  Align's evidentiary showing (the HR department landing page for Henderson and her contract with Align) would not by themselves compel a finding of functional equivalence, although they support it.  However, the privileged emails themselves show that Henderson had been essentially incorporated into Align's staff.

9. ALIGNPURCHPRIV00005581.  The Court sustains Align's claim of privilege.

10. ALIGNPURCHPRIV00005583.  The document Align submitted in camera is a one-page document that consists solely of Shirley Stacy's email signature.  The court orders Align to submit the correct document to tshpo@cand.uscourts.gov by November 29, 2022 at 3:00 p.m.

11. ALIGNPURCHPRIV00005629.  The Court sustains Align's claim of privilege.

12. ALIGNPURCHPRIV00006133.  The Court sustains Align's claim of privilege.

13. ALIGNPURCHPRIV00006504.  The Court sustains Align's privilege claim over the redacted material.

14. ALIGNPURCHPRIV00007616.  The Court sustains Align's privilege claim over the redacted material.

15. ALIGNPURCHPRIV00007956.  The document Align submitted for in camera review bears no resemblance to the description of it in Align's section of ECF No. 184.  The Court orders

1  Align to either submit a corrected document to tshpo@cand.uscourts.gov or to file a corrected

2  "reason for privilege" by November 29, 2022 at 3:00 p.m.

3        16.  ALIGNPURCHPRIV00009620.  The Court cannot evaluate Align's privilege claim

4  without reviewing the attachment.  The Court orders Align to submit the attachment to

5  tshpo@cand.uscourts.gov by November 29, 2022 at 3:00 p.m.

6  **IT IS SO ORDERED.**

8  Dated: November 28, 2022

THOMAS S. HIXSON
United States Magistrate Judge