UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON AND SIMON, PC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>Defendant. | Case No. 20-cv-03754-VC   (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 247 |

Align moves to compel the depositions of Drs. Kinnery Patel, Gina Rotkvich and Lauren Koch. ECF No. 247. These individuals are dentists who practice at Simon & Simon, one of the plaintiffs and proposed class representatives in this action. They are document custodians in this case, and their names appear on documents produced in this action concerning Align and Align's products at issue (iTero and Invisalign), as demonstrated by exhibits Align submits in support of its motion to compel. Align noticed these depositions under Rule 30 and argues that all three individuals are "managing agents" of Simon & Simon, meaning that they do not need to be subpoenaed under Rule 45. Plaintiffs do not argue otherwise. Align seeks to depose each witness for no more than three hours. The Court grants Align's motion.

These witnesses likely have relevant testimony. First, the witness's testimony is relevant to understanding the documents that Simon & Simon has produced. Align cites documents to argue that Rotkvich appears to have used physical dental impressions instead of an iTero scanner to order Invisalign; that Koch may have used iTero primarily for functions other than ordering aligners; and that Patel used iTero to prescribe non-Invisalign aligners from ClearCorrect, a direct competitor, and as a certified Invisalign provider and frequent user of Simon & Simon's iTero scanner should have knowledge about the interchangeability of scanners and physical impressions.

However, these are just inferences Align is drawing from documents and these witnesses' job responsibilities. Align is entitled to depose these witnesses to learn if they did what the documents suggest they did and, if so, how often they did that.

Second, these subjects are relevant to the case. The degree to which physical dental impressions can be a substitute for iTero is relevant to market definition. Align has made a decent showing that Rotkvich and Patel have knowledge about that. Align does not need to show that Rotkvich and Patel have *unique* knowledge about that, and the Court understands that there are probably thousands of dentists across the country who have thoughts about that subject. But Simon & Simon PC filed this lawsuit, so now it must put forward its witnesses who have relevant knowledge about issues in the case. Customer testimony can be relevant to market definition, and the iTero customer that filed this lawsuit should not be surprised when its witnesses are called upon to testify.

It is no response for Plaintiffs to say that they might try to show monopoly power through direct evidence rather than indirect evidence. Testimony does not need to be relevant to every theory of liability to be relevant, and Plaintiffs have certainly not disclaimed reliance on indirect evidence. It is also no response, or at least not much of a response, to say that using indirect evidence to define a relevant market is an economic exercise involving an analysis of cross-elasticity of demand. Economic expert opinions are almost never accepted at face value by the other side, and a common criticism is that an expert made some assumption that is contrary to the facts. If the named plaintiff's own dentists testify that physical impressions are a good substitute for iTero, then an opinion to the contrary by Plaintiffs' expert would look foolish. By contrast, if the testimony of the named plaintiff's dentists is consistent with plaintiffs' expert opinion, that will tend to bolster the opinion.

Whether iTero can be used for meaningful functions other than ordering scanners and whether it can be used to prescribe non-Invisalign aligners are also relevant subjects. They may not be dispositive subjects, but that is not what relevance means. What dentists use iTero for is relevant in the general sense of understanding Align's products and the factual question of how iTero and Invisalign relate to each other. Both sides' experts are likely to make strong

assumptions or offer strong opinions about how iTero and Invisalign relate to each other in the marketplace, and customer testimony on that issue may be helpful in evaluating those assumptions or opinions.

Align is not obligated to accept Plaintiffs' offer that in place of deposing these three witnesses, it could depose Dr. Simon as a Rule 30(b)(6) witness. Whether to seek the deposition of a specific person under Rule 30(b)(1) or of an entity under Rule 30(b)(6) is ordinarily a choice for the deposing party to make. The options represent a trade-off: Under Rule 30(b)(1), the deposing party can pick the witness but is stuck with the limits of that witness's knowledge and memory. By contrast, under Rule 30(b)(6), the deposing party can demand a witness who is knowledgeable about certain subjects but can't dictate who that person will be. In general, that trade-off is for the deposing party to make. The Court can limit that choice, of course, if it becomes disproportional to the needs of the case or unduly burdensome. But three three-hour depositions are neither of those things.

Plaintiffs' argument that allowing this handful of short depositions would cause Simon & Simon to lose significant revenue is difficult to take seriously. Nobody goes to work every single day. Presumably these dentists take vacations, use sick days, report for jury duty, and so on. Preparing for and attending a three-hour deposition is not an undue burden. And if the witnesses prefer, they can be deposed on the weekend.

The January 17, 2023, hearing on Align's motion to compel is **VACATED**, and the motion is **GRANTED**.

**IT IS SO ORDERED.**

Dated: January 17, 2023

THOMAS S. HIXSON
United States Magistrate Judge