# In the United States Court of Appeals for the Ninth Circuit

_____

No. 24-1783

MISTY SNOW; DANA BOZIAN; EMILY VO;
KATIE CAMPBELL; CECELIA GARAY;
CELESTE HAMILTON;
STEPHANIE RICKENBAKER;
ANGELA CARNAGHI; JENNIFER EZZIO;
JAIME GOOCH; TRACY MOUND; JUSTIN HANSEN;
ELISABETH SKIBBA,
PLAINTIFFS-APPELLANTS

*v.*

ALIGN TECHNOLOGY, INC.,
DEFENDANT-APPELLEE

_____

**JOINT MOTION FOR LIMITED REMAND**

_____

Pursuant to Federal Rule of Appellate Procedure 27, appellants Misty Snow, Dana Bozian, Emily Vo, Katie Campbell, Cecelia Garay, Celeste Hamilton, Stephanie Rickenbaker, Angela Carnaghi, Jennifer Ezzio, Jaime Gooch, Tracy Mound, Justin Hansen, and Elisabeth Skibba, and appellee Align Technology, Inc., hereby move for a limited remand to the district court to correct the judgment under Federal Rule of Civil Procedure 60(a) so that it complies with Federal Rule of Civil Procedure 23(c)(3).

(1)

Federal Rule of Civil Procedure 23(c)(3) provides that, if a class is certified under Rule 23(b)(3), the judgment must "include and specify or describe those to whom the Rule 23(c)(2) notice was directed, who have not requested exclusion, and whom the court finds to be class members." The relevant part of the judgment in this case states only that "final judgment is entered on Plaintiffs' claim under Section 2 of the Sherman Act and related state law claims." D. Ct. Dkt. 559, at 3 (Mar. 22, 2024). It thus does not strictly comply with Rule 23(c)(3).

Under Rule 60(a), a district court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment." While an appeal is pending, a district court may do so only "with the appellate court's leave." Fed. R. Civ. P. 60(a). Courts have treated the failure to comply with Rule 23(c)(3) as a mistake subject to correction under Rule 60(a). *See, e.g.*, *Vaughter* v. *Eastern Air Lines, Inc.*, 817 F.2d 685, 688-691 (11th Cir. 1987).

The parties in this case respectfully request that the Court grant a limited remand to correct the judgment under Rule 60(a). No party will be prejudiced, and a remand would not require a change in the briefing schedule.

Respectfully submitted,

/s/ Rio Pierce

RIO PIERCE
HAGENS BERMAN SOBOL
  SHAPIRO, LLP
*715 Hearst Avenue, Suite 202*
*Berkeley, CA 94710*
*(510) 725-3042*
*riop@hbsslaw.com*

STEVE BERMAN
HAGENS BERMAN SOBOL
  SHAPIRO, LLP
*1301 2nd Avenue, Suite 2000*
*Seattle, WA 98101*

*Counsel for Appellants*

JULY 22, 2024

/s/ Kannon K. Shanmugam

KANNON K. SHANMUGAM
JAMES DURLING
ANNA P. LIPIN
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
*2001 K Street, N.W.*
*Washington, DC 20006*
*(202) 223-7300*
*kshanmugam@paulweiss.com*

JAMES M. PEARL
EMMA FARROW
PAUL HASTINGS LLP
*1999 Avenue of the Stars, 27th Floor*
*Los Angeles, CA 90067*

THOMAS A. COUNTS
PAUL HASTINGS LLP
*101 California Street, 48th Floor*
*San Francisco, CA 94111*

ADAM M. REICH
PAUL HASTINGS LLP
*71 South Wacker Drive, 45th Floor*
*Chicago, IL 60606*

MICHAEL F. MURRAY
PAUL HASTINGS LLP
*2050 M Street, N.W.*
*Washington, DC 20036*

NOAH B. PINEGAR
PAUL HASTINGS LLP
*200 Park Avenue*
*New York, NY 10166*

*Counsel for Appellee*

## CERTIFICATE OF COMPLIANCE
## WITH TYPEFACE AND WORD-COUNT LIMITATIONS

I hereby certify, pursuant to Federal Rules of Appellate Procedure 27(d)(2)(A), 32(c)(1), and 32(a)(6) that the attached motion is proportionately spaced, has a typeface of 14 points or more, and contains 289 words.

JULY 22, 2024                                    /s/ Kannon K. Shanmugam
                                                 KANNON K. SHANMUGAM